[No. 3204.   Feb. 9, 1929.]

GARCIA v. PINEDA et al.

[275 Pac. 370.]

H. B. Jamison, of Albuquerque, for appellant.

Linus L. Shields and Ernest Polansky, both of Albuquerque, for appellees.

## OPINION OF THE COURT

WATSON, J. Appellant (plaintiff below) sued in ejectment for certain described lands. Appellees (defendants below) set up title by adverse possession as to a part of the lands described in the complaint, disclaiming as to the remainder. The court, sitting without a jury, found that plaintiff had established good paper title, but that defendants had established title by adverse possession to the lands in dispute under the pleadings.

Appellant argues that the judgment is erroneous, in that appellees failed to prove either color of title or payment of taxes, both of which are essential to the acquirement of title by adverse possession under Code 1915, § 3364. Appellees' color of title rests upon a conveyance made in 1871, in the Spanish language, and upon testimony tending to identify the land described. The instrument contained the following description, as translated:

"A small sod house composed of two small rooms and a small hallway, which have been erected upon the locality which corresponds with property of Antonio Silva, and which house I have sold together with the little courtyard [chorreras] as specified in this present document. First, on the south side a courtyard of ten varas; on the east seven and a half varas; on the north three varas; and west to the line which is the old public wagon road."

It is contended that the foregoing description is so indefinite and uncertain that the deed was not receivable as color of title, and that extrinsic evidence was not competent to identify the land. Counsel contends that an instrument to constitute color of title must contain a description sufficient to pass title, citing 2 C. J. "Adverse Possession," § 342. We may admit, without deciding, the correctness of this rule. Still we must hold that the foregoing description was sufficient to permit of identification of the land and the passing of title. Armijo v. New Mex-

ico Town·Co., 3 Gild. (N. M.) 427, 5 P. 709, State v. Board of Trustees, 32 N. M. 182, 253 P. 22.

The court found, as requested by appellant, that since 1914 the lands had been assessed, and the taxes paid, by appellant, and that appellees had paid no taxes since 1910 upon the lands claimed, except for the years 1915 and 1916. It is contended that, having so found, the court erred in decreeing a title in appellees by adverse possession. Upon this point the trial court in his opinion said:

"The only difficulty remaining in the case then is the question of payment of taxes. The court wishes that the defendants had made their position more clear in their pleadings. In fact, the court thinks it is straining it a little bit to permit the defendants to prove a right under adverse possession more than ten years prior to the beginning of the action. However, the court will risk committing an error and is going to stretch the point and hold that the proof is proper under the pleadings of the defendants. It is quite possible that adverse possession for the past 10 years might be sufficient, the payment of taxes being excused by the fact that no taxes were levied because of the fact that the value did not exceed the exemption, and because of the fact that the defendant had gone to the assessor to make return."

It seems apparent from this that the theory upon which the judgment was really based was that title by adverse possession had matured before payment of taxes was, in 1899, made essential to the operation of the limitation statute. Code 1915, § 3365. The doubt which the court expressed was as to whether appellees' answer would support a judgment on that theory; the allegation being that appellees "and their predecessors in title and grantors have been in actual, visible, exclusive, hostile, and continuous possession, under color of title, for more than 10 years last past, preceding the filing of this action." Appellant does not, in argument, rely upon any·insufficiency of the complaint to support this theory of judgment. He merely combats the court's suggestion that payment of taxes might be excused by showing "that no taxes were levied because of the fact that the value did not exceed the exemption, and because of the fact that the defendant had gone to the assessor and made return." Decision of the question thus argued would lead to no result, since such was not the true theory of the decision.

No error having been pointed out, the judgment will be affirmed and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.