330 P.2d 549

Marcelina G. QUINTANA, Plaintiff-Appellee and Cross-Appellant,

v.

Hortencia MONTOYA, Defendant-Appellant. Arturo Montoya and Sofia Montoya, Defendants and Cross-Appellees.

No. 6273.

Supreme Court of New Mexico.

June 23, 1958.

GALLEGOS, District Judge.

This appeal involves the ownership of a tract of land. In 1922 one Sotero Romero was issued a United States Patent to certain tracts of land in Santa Fe County, including Small Holding Claim No. 411, Lot 2, in Sec. 33, Twp. 17 N., Rge. 9 E, which is the property in controversy.

In 1954 the plaintiff-appellee commenced a suit in ejectment in the district court of Santa Fe county claiming that on December 20, 1937, she was entitled to the possession of a portion of the premises mentioned and that on August 20, 1946, the defendant-appellant and others entered the premises and unlawfully withheld possession thereof.

In 1922 the patentee of the land, Sotero Romero and wife, deeded the land to Bonifacio Montoya, the husband of appellant Hortencia Montoya and her predecessor in title. The plaintiff-appellee claims that only a portion of Lot 2 mentioned was included in this deed while appellant claims that all of the property in controversy was included in the deed.

Although Romero received the patent to the land in 1922, he was in possession for some years prior as in 1915 he mortgaged the land and it is clear that Romero, the patentee, was in actual possession of the premises until 1918 or 1919, but after that time neither he nor his heirs were in possession.

In 1926 appellant's husband commenced suit to quiet title to various tracts of land in-

Milton S. Seligman, Albuquerque, for appellant.

Walter R. Kegel, Santa Fe, for appellee and cross-appellant.

Gilbert, White & Gilbert, Sumner S. Koch, Santa Fe, for cross-appellees.

cluding Small Holding Claim No. 411, Lot 2; Sotero Romero was not made a party defendant. A decree quieting title to the land in appellant's husband was entered in 1927.

The land in dispute was never assessed for taxation to Sotero Romero and was first assessed to Bonifacio Montoya, the husband of appellant, in 1923, and from 1923 to 1942, an abstract in evidence conclusively shows the property assessed to and taxes paid by Bonifacio Montoya and there is evidence that for subsequent years the property was assessed to and taxes paid by Bonifacio Montoya or his wife, the appellant, although the property may have been identified in the tax rolls in a different manner than that shown in the patent.

In 1940 Arturo Montoya, a son of appellant, Hortencia Montoya, and Bonifacio Montoya, built a house on the northeast corner of the premises involved herein. This tract contains 0.4 of an acre and is described in the court's findings and the district court held that Arturo Montoya was entitled to retain this property upon equitable grounds upon payment of the amount found to be the value of the tract as of the year 1940.

Sotero Romero died in 1936 but he had not been in possession of the premises involved since 1919 and it appears that he moved away from Santa Fe in the latter year. Alejandro Romero, Sarita R. Rivera and Frances Romero are the surviving children of Sotero Romero. His wife predeceased him.

In 1937 Sarita R. Rivera and Frances Romero executed a deed purporting to describe the property to their brother Alejandro Romero. And on the same day Alejandro Romero and his wife made a deed purporting to convey the same property to Biterbo Quintana and Alfredo Quintana. Biterbo Quintana is the deceased husband of Marcelina G. Quintana, the plaintiff-appellee, and under whom she claims title to the property involved in this action. The last mentioned deed from Alejandro Romero, although dated in 1937 is shown to have been acknowledged in 1941 and was filed for record in 1951. Alejandro Romero made the deed in 1937 with the understanding that he would receive one-half of the property after paying one-half of the expenses of clearing the title.

A ten years special assessment of the property was made and taxes paid for the years 1942 to 1951 in the names of Biterbo Quintana and Alfredo Ortiz Quintana, also for 1952 an assessment of the property was made in the name of these last two named men but the taxes were not paid by them.

The property was assessed for taxes for the years 1942 to 1951 in the name of the defendant-appellant or her husband as well as for the year 1952 and these taxes were paid by the appellant for these years. There was a double assessment of the property for the years 1942 to 1951 and also for 1952.

The lower court held that the defendants were in possession of the premises and that the plaintiff-appellee had the right to the possession and that appellee had legal title to the premises except the portion claimed by Arturo Montoya. The court further held that neither of the defendants, including appellant, had color of title to the real estate involved.

As to the portion held by Arturo Montoya it is clear from the evidence that he occupied the premises and constructed the house thereon with the knowledge and acquiescence of both appellee and appellant or their predecessors and he was permitted to expend money in building a house under the belief that he had a right to build thereon and this holding of the district court that Arturo Montoya should keep the property decreed to him by the district court is correct, except that according to our view Arturo Montoya built the house on his parents' land and not on appellee's.

 Although the quiet title decree granted to appellant's husband described the premises as:

"* * * * the following pieces and parcels of land and real estate, lying situate and being in the Village of Agua Fria, County of Santa Fe, State of New Mexico, to-wit: Small Holding Claim No. 411, Lot 2, as shown by said Public Surveys."

and the section, township and range are not given, we believe that the record contains ample proof, when the decree and the parol evidence identifying the property are considered, that the land claimed by plaintiff-appellee in her complaint is embraced in the 1927 quiet title decree issued in favor of Bonifacio Montoya, the husband of appellant, and under whom she claims title and ownership.

In Garcia v. Pineda, 33 N.M. 651, 275 P. 370, it was held that if the description in the conveyance affords sufficient means of identifying the land parol evidence is admissible for that purpose. This was a suit in ejectment for certain lands, the defendant asserted title by adverse possession to a part of the land and claimed to have color of title by a conveyance in the Spanish language containing the following description as translated, 33 N.M. at page 652, 275 P. at page 370:

"A small sod house composed of two small rooms and a small hallway, which have been erected upon the locality which corresponds with property of Antonio Silva, and which house I have sold together with the little courtyard (chorreras) as specified in this present document. First, on the south side a courtyard of ten varas; on the east seven and a half varas; on the north three varas; and west to the line which is the old public wagon road."

468

In that case the trial court admitted parol evidence tending to identify the land and held that defendant had established title by adverse possession and the decision was upheld in this court.

An early case of Armijo v. New Mexico Town Co., 3 N.M. 427, 5 P. 709, 711, involved a deed in which the property was described as:

"A tract or parcel of land situated and being in the county of Bernalillo, territory of New Mexico, known as the place where Jesus Maria Martin resided, being one hundred and thirty-seven yards, from north to south, wide, containing about ———— acres; bounded on the south by the lands of Christian Armijo, and on the north by the lands of M. Lopez."

The Territorial court held that the deed was not void, that parol evidence was admissible to identify the premises in dispute and connect them with the deed, saying that parol evidence identifies the subject upon which the deed operates, and then the estate passes by force of the deed.

For splendid illustrations of cases where apparently vague descriptions have been held sufficient to identify the property or parol evidence has been admitted to identify the property see Adams v. Cox, 52 N.M. 56, 191 P.2d 352, 356, an opinion by Mr. Justice McGhee, wherein, among other authorities, 18 Corpus Juris p. 180 is cited, where it is said:

"The office of a description is not to identify the land, but to afford the means of identification, and when this is done, it is sufficient. Generally, therefore, any description is sufficient by which the identity of the premises can be established, or which furnishes the means of identification. A conveyance is also good if the description can be made certain within the terms of the instrument." See also 26 C.J.S. Deeds § 30.

In the case of Adams v. Cox, supra, Krueger v. W. K. Ewing Co., Tex.Civ.App., 139 S.W.2d 836, is cited and this case cites and quotes from a number of cases involving contracts for the sale of land by name instead of description, and also covers the omission of city, county and state.

The quiet title decree sufficiently described the property in dispute.

■ Another question presented is whether the quiet title decree of 1927 obtained by appellant's husband constitutes color of title.

Section 23–1–22, 1953 Compilation, provides:

"In all cases where any person * * * shall have had adverse possession continuously and in good faith under color of title for ten (10) years of any lands * * * and no claim by

suit in law or equity effectually prosecuted shall have been set up or made to the said lands * * * within * * * ten (10) years, then and in that case, the person * * * so holding adverse * * * possession shall be entitled to keep and hold in possession such quantity of lands as shall be specified and decribed in some writing purporting to give color of title. * * * "

In Apodaca v. Hernandez, 61 N.M. 449, 302 P.2d 177, 180, the court said:

"The judgment of a district court purporting to vest title to the land of a husband in his wife is generally color of title on which prescription can be based."

In 1 Am.Jur., p. 904, Sec. 199, it is said:

"A judgment or decree of a court of record may constitute color of title in one who takes possession thereunder, notwithstanding the existence of defects which would render it incompetent as evidence of title."

There is nothing in the record to show fraud or bad faith in obtaining the quiet title decree made in favor of appellant's husband in 1927, and the district court refused to find that there was bad faith in obtaining of this decree.

The evidence shows that the appellant and her husband had possession of the property under the quiet title decree and paid taxes thereon for more than the ten year statutory period to entitle the appellant to have title by adverse possession.

We believe and hold that the quiet title decree of 1927 by which appellant's husband was decreed to be the owner of the property constitutes color of title.

■■ The appellee claims that appellant was in actual possession of only a portion of the land and not all of the land in question. We believe that even if this be true the authorities generally hold that one who is in possession of land under color of title, holding under adverse possession, such person is constructively in possession of all of the land which is described in the instrument giving color of title. See 1 Am.Jur., p. 908:

"Where possession has been taken under color of title, the law, operating on the color, puts the claimant in constructive possession of that part of the land called for by the color, although it is not in his actual possession."

The defendants and cross appellees, Arturo Montoya and Sofia Montoya, have filed a motion to dismiss the cross appeal and this motion has been considered and is denied.

The conclusions reached make it unnecessary to discuss other points argued by counsel in their briefs and it follows from what has been said that the district court erred in entering judgment in favor of the plaintiff-appellee and the judgment of the

470

district court is reversed with instructions to set aside its judgment and enter judgment for the defendant-appellant decreeing appellant to be the owner of the premises involved herein, except the portion owned by Arturo Montoya, all in accordance with this opinion.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.