371 P.2d 235

Henry J. HUGHES and Phyllis H. Hughes, Plaintiffs-Appellants,

v.

Faith B. MEEM, Defendant-Appellee.

No. 6996.

Supreme Court of New Mexico.

March 19, 1962.

Rehearing Denied May 17, 1962.

Bigbee & Stephenson, Charles D. Olmsted, Santa Fe, for appellants.

Seth, Montgomery, Federici & Andrews, Santa Fe, for appellee.

COMPTON, Chief Justice.

This action was commenced by appellants in the usual statutory form to quiet title to certain real estate situated within the City of Santa Fe designated as "Tract 87, Zimmerman's Map, 1904." Answering, appellee Meem denied the appellant's claim of title. She did not seek affirmative relief, merely admitting that she claimed title thereto adverse to the appellants. At the conclusion of the trial on the merits, the court found for the appellee, judgment was entered accordingly, and the appellants prosecute this appeal.

Both parties base their source of title on a patent from the Federal Government to the City of Santa Fe, dated February 16, 1901, and through mesne conveyances from and through the city to their respective predecessors in interest. Appellee also bases her title on a quiet title decree in cause number 14090 in the District Court of Santa Fe County, dated April 23, 1931. Appellants also rely upon another source of title, a tax deed from the State of New Mexico to Vicente I. Alarid, his immediate predecessor in title, dated April 29, 1947, for delinquent taxes for the years 1931 1932, and 1933.

The court's findings read:

"1. That the plaintiffs have not sustained the burden of proof resting upon them in order to prevail in this action upon the strength of their own title, as against the defendant, Meem.

"2. That plaintiffs' chain of title consists of instruments undertaking or purporting to describe the land by a description which is grossly inadequate and insufficient to describe the land in controversy.

"3. That the description in plaintiffs' chain of title by reference to the 'Survey Map' retained in the County Assessors Office is an insufficient description for purposes of making a conveyance.

"4. That said survey map (being Zimmerman's map 1904) was not filed for record in the office of the County Clerk and Recorder, Santa Fe County, New Mexico.

"5. That said survey map, being Zimmerman's map, 1904, contains no metes and bounds descriptions and is completely incapable and insufficient of describing tracts of land referred to by reference to tract numbers as set out in said map; further, said map contains no identifiable beginning or reference point.

"6. That plaintiffs have not shown by the evidence that they are possessed of title in fee simple to the land in controversy, as against the defendant, Meem."

The court then refused the following findings and conclusion requested by the appellants:

Findings:

"3. That the Plaintiffs' record of title to said Tract No. 87 from the sovereign United States of America to themselves is evidenced and shown by the following instruments:

\*    \*    \*    \*    \*    \*

"d. A recorded Tax Deed, dated August 29, 1947, conveying said Tract No. 87 from the State Tax Commission of New Mexico to Vicente I. Alarid.

"e. A recorded Warranty Deed, dated January 11, 1951, conveying said

Tract No. 87 from Vicente Alarid and Trinidad L. Alarid, his wife, to the Plaintiffs herein as joint tenants; and

"f. A recorded correction Warranty Deed, dated August 8, 1955, conveying said Tract No. 87 from Vicente I. Alarid and Trinidad L. Alarid, his wife, to the Plaintiffs herein as joint tenants.

\* \* \* \* \* \*

"17. That, on August 29, 1947, a tax deed to the tract of land described in Plaintiffs' Complaint was issued to Vicente Alarid, Plaintiffs' immediate predecessor in title, by the State Tax Commission of New Mexico, said deed being filed for record on February 26, 1948."

Conclusion of law:

"4. That a valid tax deed from the State Tax Commission of New Mexico of the fee title to the tract of land described in Plaintiffs' Complaint was issued to Vicente Alarid on August 29, 1947, and recorded on February 26, 1948; that, as grantees of said Vicente Alarid, Plaintiffs have succeeded to all of his right, title and interest in and to said premises."

We begin our consideration of the questions involved mindful of well settled rules with regard to sufficiency of descriptions in deed:

"\* \* \* it is not necessary that the description of the land be contained in the body of the deed. It is sufficient if it refers for identification to some other instrument or document, but the description must be contained in the instrument or its reference, express or implied, with such certainty that the locality of the land can be ascertained, \* \* \*. The rule has also been held to apply to maps and plats, including surveys, and to an assessor's plan. The deed is not void because the instrument referred to is incomplete, not official, unacknowledged, unrecorded, or unattached, or is misdescribed in some particular, or even invalid." 26 C.J.S. Deeds § 30f, pages 652–655.

"\* \* \* The purpose of a description of the land, which is the subject matter of a deed of conveyance, is to identify such subject matter; and it may be laid down as a broad general principle that a deed will not be declared void for uncertainty in description if it is possible by any reasonable rules of construction to ascertain from the description, aided by extrinsic evidence, what property is intended to be conveyed. It is sufficient if the description in the deed or conveyance furnishes a means of identification of the land or by which the property conveyed can be located. \* \* \* So, if a surveyor with the deed before him can,

with the aid of extrinsic evidence if necessary, locate the land and establish its boundaries, the description therein is sufficient." 16 Am.Jur. (Deeds) § 262.

■ The foregoing rules have met with approval of our own courts. Quintana v. Montoya, 64 N.M. 464, 300 P.2d 549, 71 A.L.R.2d 397; Adams v. Cox, 52 N.M. 56, 191 P.2d 352, 68 A.L.R. 77; Armijo v. New Mexico Town Co., 3 N.M., John, 427, 5 P. 709. And the rules are applicable to tax deeds. State v. Board of Trustees of Las Vegas, 32 N.M. 182, 253 P. 22.

Since the appeal turns on the adequacy of the Zimmerman map to furnish means of identification of the tract in question, we proceed to a discussion of it at some length. The evidence reflects that the map was authorized by Chapter 50, Laws 1901, being an Act authorizing county commissioners to have certain lands surveyed for the better returns of taxable property, etc. Pursuant to this statute, the Board of County Commissioners of Santa Fe County employed John L. Zimmerman to make a comprehensive survey of all lands within Santa Fe County, including the City of Santa Fe, and to establish boundaries of each tract. This survey was finished by him in 1904, but for some reason it was never certified by him nor was it ever made a matter of record; however, it bears upon its face the following endorsement, "Filed this 31st day of December, A. D. 1904, at 5 o'clock P.M. Celso Lopez Recorder by Deputy." While the map bears neither metes nor bounds, or the surveyor's acknowledgment, it shows various land marks, roads, boundaries, and tract numbers within the city. And there is evidence that no reception records were kept by the county clerk for such documents prior to 1930.

There is the further evidence that the Zimmerman map, since 1904, has been used continuously by the assessors of Santa Fe County as a means of identifying county and city property for taxation; and, that it is generally recognized as the basic plat of the county by abstractors in the preparation of abstracts, and others engaged in the buying and selling of real estate. In this respect, the witness Scanlon, a registered engineer and a surveyor, testified as to the origin of the map and as to its accuracy. He testified that directions can be determined therefrom, and from which, aided by arroyos, natural boundaries, road crossings, and curves in arroyos shown on the map, the boundaries of the various tracts of the city can be determined. He testified emphatically that it was possible by referring to the map to locate upon the ground the boundaries of a particular tract with reasonable certainty. His testimony was corroborated by other competent evidence. There being no evidence to the contrary, the findings of the court have no support in the evidence.

■ Tested by the foregoing rules, we think the description in appellants' titles as thus aided by extrinsic evidence, sufficiently identifies the premises involved. Since the findings made have no support in the evidence, we conclude that the court erred in holding that the appellants' deed was void and inoperative because of uncertainty in description. However, the conclusion reached does not dispose of the appeal. The quiet title decree and the tax deed require consideration.

■ Appellee insists that the 1931 quiet title decree settled her title to the premises. As of that date, we are inclined to agree that appellants' predecessors were properly named therein under the designation of unknown claimants. However, the facts remain that the tract was sold for delinquent taxes for the years 1931, 1932 and 1933, and, thereafter, on April 29, 1947, the tract was sold by the state to Vicente I. Alarid, appellants' immediate predecessor. Standing uncontradicted, this evidence makes a prima facie case for appellants and the court was bound thereby. Medler v. Henry, 44 N.M. 275, 101 P.2d 398; Mracek v. Dunifon, 55 N.M. 342, 233 P.2d 792. It follows that the court erred in denying the appellants' requested findings and conclusion.

■ We have consistently held that in quiet·title actions a plaintiff must recover on the strength of his own title, Morris v. Ross, 58 N.M. 379, 271 P.2d 823; Adams v. Benedict, 64 N.M. 234, 327 P.2d 308, and we believe that the appellants have met that requirement.

■ The appellee, relying upon § 70–1–44, 1953 Comp., which provides for descriptions in deeds by reference to maps, plats, etc., argues that since the plat in question was not recorded with the county clerk, the description in the appellants' deeds cannot be aided by reference thereto. We disagree. Clearly, the statute is permissive. A deed may describe real estate by reference but the statute is not mandatory. Its purpose is not to preclude extrinsic evidence. Whether the map was filed in the clerk's office is wholly immaterial. See Smathers v. Jennings, 170 N.C. 601, 87 S.E. 534; Noonan v. Lee, 67 U.S. 499, 2 Black 499, 17 L.Ed. 278; McCullough v. Olds, 108 Cal. 529, 41 P. 420.

The judgment will be reversed with direction to the trial court to reinstate the case upon his docket, set aside his findings and judgment, and enter judgment for the appellants.

IT IS SO ORDERED.

MOISE and NOBLE, JJ., concur.

CARMODY and CHAVEZ, JJ., not participating.