732

460 P.2d 807

Donnan STEPHENSON and J. C. Hester, Special Administrators of the Estate of Dr. Elma Lucille Zobel, Deceased, Plaintiffs-Appellants,

v.

DALE BELLAMAH LAND COMPANY, Inc., a New Mexico Corporation, Defendant-Appellee.

No. 8749.

Supreme Court of New Mexico.

Nov. 3, 1969.

Stephenson, Campbell & Olmsted, B. D. Barberousse, Santa Fe, for plaintiffs-appellants.

Shaffer, Butt & Bass, Albuquerque, for defendant-appellee.

OPINION

MOISE, Justice.

Upon remand of this case after our decision reported as Zobel v. Dale Bellamah Land Co., 78 N.M. 586, 435 P.2d 205 (1967), the trial court took evidence, following which it entered its decision and judgment in favor of defendant-appellee. This appeal is prosecuted therefrom by the plaintiffs-appellants, successors of the former plaintiff who has since died.

It would serve no useful purpose to detail the facts leading up to the execution of the contract out of which the litigation arose. Neither is it necessary that the terms of the contract be set forth. Those interested may find them in the opinion on the prior appeal.

Two points are argued here. In the first, an attack is made on the findings of fact of the court as opposed to those requested by appellants, claimed to be "supported by the greater weight of the evidence." Appellants' second point asserts error by the court in receiving evidence claimed to be hearsay and self-serving, and intended to vary the terms of the contract.

■■■ The first point turns directly on whether substantial evidence is present to support the trial court's finding to the effect that the consideration for the first year of the option to purchase Tract "B" was the firm or "hard" contract to purchase Tract "A." That such evidence is present is clear. It is not our function to either weigh evidence or determine the "greater weight" of it. Jensen v. Allen, 63 N.M. 407, 320 P.2d 1016 (1958). This is for the trial court. It matters not that a contrary finding by the trial court would more nearly accord with our appraisal of the proof disclosed by the record. Substantial support being present we are bound by the findings made. Hilburn v. Brodhead, 79 N.M. 460, 444 P.2d 971 (1968).

We note appellants' argument that since the ownership of Tract "A" was in trustees,

---

**733**

and that of Tract "B" in decedent, the consideration could not have been as found by the trial court. We are unable to follow the reasoning advanced. We know of no rule of law that does not permit two parties to join in an agreement, and to make the several parts dependent on each other or consideration of one contract effective for the other. This is particularly true here where decedent was the person who had created the trust as to Tract "A" and retained a small interest therein, while being the sole owner of Tract "B." Neither is a different result required by appellants' argument to the effect that the evidence being primarily or substantially all documentary, we are as well situated to weigh the facts as was the trial court. Baker v. Shufflebarger & Associates, Inc., 78 N.M. 642, 436 P.2d 502 (1968). It is sufficient to point out that the evidence here was far from being exclusively documentary, and the rule advanced by appellants is not applicable. Newbold v. Florance, 56 N.M. 284, 243 P.2d 597 (1952). Appellants' first point is ruled against them.

In their argument on Point II appellants assert reversible error in the failure of the court to sustain their objection to the admission of an inter-office memo which passed between employees of appellee in which the question of liability for the option claimed by decedent was discussed. They also complain that hearsay testimony was admitted concerning advice received from appellee's attorney.

Without expressing any opinion as to whether the court should have received the evidence complained about, we would note that the case was tried to the judge without a jury, substantial evidence to support the court's finding was present as pointed out above, and appellants have not shown that they were in any way prejudiced by the proof they consider objectionable. We have held, and here reiterate, that error such as is advanced under this point, if it was error, will not be considered to require reversal unless no other admissible evidence substantially supporting the court's findings is present. Miller v. Golden W. Motel, 78 N.M. 116, 428 P.2d 655 (1967). See, also, Bounds v. Carner, 53 N.M. 234, 205 P.2d 216 (1949); Gish v. Hart, 75 N.M. 765, 411 P.2d 349 (1966). There being substantial admissible evidence to support the court's findings, whether or not inadmissible evidence was admitted is not material, and did not constitute reversible error.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON and TACKETT, JJ., concur.