468 P.2d 632

Ann KOMADINA and Frances Komadina, Plaintiffs-Appellants,

v.

Edna A. EDMONDSON, George B. Edmondson, A. A. Herrera and Maria O. Herrera, Defendants-Appellees.

No. 8816.

Supreme Court of New Mexico.

April 27, 1970.

Henry G. Coors, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for Herreras.

Hernandez, Atkinson & Kelsey, Albuquerque, for Edmondsons.

## OPINION

SPIESS, C. J., Court of Appeals.

This appeal is from a nonsuit granted pursuant to Rule 41(b) [§ 21–1–1(41) (b), N.M.S.A.1953] dismissing plaintiffs' cause of action at the close of their case. The plaintiffs, Ann Komadina and Frances Komadina brought this action to quiet title to certain lands claimed by them within the exterior boundaries of the Atrisco Land Grant.

The defendants, Edna A. Edmondson, George B. Edmondson, A. A. Herrera and Maria O. Herrera, denied plaintiffs' claim of title.

■ Rule 41(b) authorizes the court upon a motion to dismiss at the close of plaintiffs' case to weigh the evidence and give it such weight as the court believes it deserves. Blueher Lumber Company v. Springer, 77 N.M. 449, 423 P.2d 878 (1967).

In accordance with Rule 41(b) the trial court made findings of fact and entered judgment dismissing the action. A number of the findings are challenged and in so doing plaintiffs requested the court to make findings contrary, in substance, to those which were challenged. The question decisive of this appeal is whether the deeds forming the basis of plaintiffs' title are void for insufficiency of description of the land they purport to convey. The finding upon this issue, and which was challenged by plaintiffs, follows:

"1. The land described in the complaint, title to which plaintiffs seek to quiet in this action, cannot be located or identi-fied solely from the deeds proffered by plaintiffs as the base of their title."

■ In accordance with the rule in quiet title actions, a plaintiff must recover on the strength of his own title, Hughes v. Meem, 70 N.M. 122, 371 P.2d 235 (1962), consequently, the judgment should be affirmed if this finding has substantial support in the record.

Plaintiffs rely solely upon a paper title. There is no evidence in the record indicating that plaintiffs, or any of their privies, were at any time in possession of the property.

On September 18, 1939, the Town of Atrisco, a corporation, issued deeds to each of four members of the family of Telesfor Chavez, namely, to Procopio Chavez, Tonia A. de Chavez, Adela Chavez and Doloritas Chavez. These are the deeds which form the basis of plaintiffs' title.

The deed to Procopio Chavez contained the following description.

"A certain tract of land situate in School Dist. No. 28, Bernalillo Co. New Mexico, Bounded on the North by a Road and on the East by land of Doloritas Chavez and on the South by a Road and on the West by the Atrisco Land Grant. Being one of several tracts of land allotted from the Atrisco Land Grant and more particularly described as follows:

Measure on the North 210 feet
     "    "    "    East 1037    "
     "    "    "    South 210    "
     "    "    "    West 1037    "

contains five acres of land more or less.

Tract No. 331"

The descriptions contained in the other deeds to members of the Chavez family are similar to the description contained in the deed to Procopio Chavez, and bear the following tract numbers. Tonita A. de Chavez deed—Tract No. 328; Adela Chavez deed—Tract No. 329; Doloritas Chavez deed—Tract No. 330. Each deed in establishing one of its boundaries makes reference to one of the other deeds.

Telesfor Chavez died intestate and Procopio Chavez was appointed administrator of his estate. Thereafter the other members of the Chavez family conveyed such interest as they had acquired through the deeds to Procopio Chavez. Seven and a half acres of the aggregate tract were conveyed by Procopio Chavez to plaintiffs, which is the land involved here.

■ It is fundamental that "In order to make a valid conveyance of land, it is essential that the land itself, the subject of the conveyance, be capable of identification, and, if the conveyance does not describe the land with such particularity as to render this possible, the conveyance is absolutely nugatory, * * *" 4 Tiffany, Real Property § 990 (3rd ed. Jones 1939).

■ It is presumed that the grantor in a deed of conveyance intended to convey something and the deed will be upheld unless the description is so vague or contradictory that it cannot be ascertained what land in particular is meant to be conveyed. Duckett v. Lyda, 223 N.C. 356, 26 S.E.2d 918 (1943); 6 Thompson, Real Property § 3022 (Grimes repl. 1962).

■ The grantor's intent must be ascertained from the description contained in the deed which must itself be certain or capable of being reduced to certainty by something extrinsic to which the deed refers. Hughes v. Meem, supra. Consequently, if extrinsic evidence is to be relied upon to identify the land intended to be conveyed, the deed itself must point to the source from which such evidence is to be sought. Adams v. Cox, 52 N.M. 56, 191 P.2d 352 (1948); Heron v. Ramsey, 45 N.M. 483, 117 P.2d 242 (1941); 6 Thompson, supra, § 3027 at 478; compare Quintana v. Montoya, 64 N.M. 464, 330 P.2d 549, 71 A.L.R.2d 397 (1958); Armijo v. New Mexico Town Co., 3 N.M. (Gild.) 427, 5 P. 709 (1885).

The plaintiffs concede that the descriptions within the deeds themselves are insufficient but they contend that the land intended to be conveyed is subject to identification by the application of extrinsic evidence. They assert, in substance, that the deeds themselves point to the source from which extrinsic evidence is to be sought.

Adverting to the descriptions contained in the deeds it appears that the tracts were intended to be contiguous. All are bounded on the north by a road and on the south by a road. The description in the deed to Tonita A. de Chavez involves a tract bounded on the north by a road, east by a road, south by a road and west by the Adela Chavez tract. The Adela Chavez tract is described as being bounded on the north and south by roads; on the east by the Tonita A. de Chavez tract, and west by lands of Dóloritas Chavez. The Doloritas Chavez tract is bounded on the north and south by roads, east by Adela Chavez and west by Procopio Chavez. The Procopio Chavez land is bounded on the north and south by roads, east by Doloritas Chavez, west by Atrisco Land Grant.

The roads are not named or identified. According to the record one of plaintiffs' witnesses testified that no roads were actually in existence in the area at the time the deeds were executed. The area had not been platted except as shown by a tracing upon a piece of wrapping paper to which reference will be made.

A surveyor called by plaintiffs as a witness testified that he had surveyed the area, in which he said the particular tracts involved were located. The plat prepared by the witness was introduced in evidence. It was completed in the year 1943 and contains a division, or proposed division, of the area into units and numbered lots and includes a showing of proposed streets and roadways.

Within one of the units numbered 8, the map discloses certain lots, numbered consecutively lots A–14 through A–19. Written in the area embraced within these lots appears a drawing of tracts labeled 328, 329, 330 and 331, which, as pointed out, are the tract numbers referred to in the deeds in question. The surveyor testified that the tracts 328 through 331 were located by means of a drawing upon a piece of

wrapping paper given him by a member of the board (The Town of Atrisco, a corporation). In reference to the wrapping paper map or plat and the identification of tracts 328 through 331 upon the surveyor's plat, he testified:

"Q. But the thing was that they had been referring to a map [wrapping paper plat] that had no ties.

A. Had no ties, that's right.

Q. It could have been anywhere in a given area and almost impossible to locate.

A. Based on this description, you are correct, yes.

Q. All right, sir. Now, this map, then, you had to accomodate, [sic] had to take what they had done on an informal basis, with no exact description of any kind and try to piece it together.

A. That is correct, yes.

Q. In effect, then, you created this from deeds and bits of information, none of which was ever laid down with any degree of certainty.

A. That is correct, yes."

Concerning the deeds, the surveyor testified, in substance, that he could not locate the land from the information contained in the deeds themselves and the deeds referred to no extrinsic information from which the land could be located.

■ In our opinion, the challenged finding of fact has substantial support in the record and consequently will not be disturbed. Stephenson v. Dale Bellamah Land Co., 80 N.M. 732, 460 P.2d 807 (1969).

We do not overlook the reference to the testimony of Procopio Chavez wherein he stated that at the time the deeds were executed by the officers of the Town of Atrisco the secretary, Isidro Sanchez, together with Telesfor Chavez marked out the property intended to be conveyed; that Telesfor Chavez then took Procopio Chavez and drove metal pipes at the corners of the property. Procopio Chavez further testified that two of the pipes were still standing at the time of trial and he identified them as pipes which established the north boundary of the lands shown to him by his father in 1939. Based upon this testimony, plaintiffs have cited and rely upon First Sav. Bank and Trust Co., Albuquerque v. Elgin, 29 N.M. 595, 225 P. 582 (1924), in which we considered a question relating to the identity of land intended to be conveyed and said:

"* * * The test in every case, as in the case of contracts other than deeds, is whether or not the intention of the parties can be discovered and effectuated. If so, unless the rights of third parties intervene to prevent, the deed is valid; if not, it is invalid. So, if a deed contains an indefinite and uncertain description, and the parties, either before the execution of the instruments or afterwards, by agreement, go upon the ground and mark out the boundaries of the land intended to be conveyed, the deed is valid * * *."

We note that this case is referred to in Marquez v. Padilla, 77 N.M. 620, 426 P.2d 593 (1967).

■ In our opinion this rule has no application to a fact situation of the kind presented here for the reason that the rights of third parties are involved. We further observe that "* * * the trial court, in a case tried without a jury, is the sole judge of the credibility of witnesses and the weight to be given to their testimony. * * *" Crumpacker v. Adams, 77 N.M. 633, 426 P.2d 781 (1967).

As we have said, Procopio Chavez did testify that his father had driven four pipes into the ground to mark the corners of the property. He was not certain, however, as to whether the corners marked by the iron pipes were corners of the five acre parcel, Tract 331, originally conveyed to him or whether these pipes were intended to identify an area comprising the four 5-acre parcels, or a total of twenty acres,

which had been conveyed to Procopio Chavez and the other members of the Chavez family. He was likewise uncertain as to whether these pipes marked the four corners of the 7½ acre parcel which was conveyed to the plaintiffs.

The court could properly have declined to give any weight to the testimony of Procopio Chavez with respect to the marking of boundaries by his father.

We do not overlook plaintiffs' contention that finding No. 1 " * * * is not an ultimate fact because it is not a fact which is essential and determinative of the court's conclusion. * * *" We understand plaintiffs' position to be that finding No. 1 is inadequate to support conclusion of law No. 2, reading: "The deeds adduced by plaintiffs as the basis of their title are void for want of sufficiency of description," in that support for the conclusion No. 2 would have required an additional finding, namely: that the property could not be located by extrinsic evidence.

In our view, finding No. 1 is sufficient to enable this court to test the correctness of the judgment. Apodaca v. Lueras, 34 N.M. 121, 278 P. 197 (1929).

In accordance with the authorities to which we have referred we take it that the identity of land intended to be conveyed must be furnished solely by the deed either directly from its language or by something extrinsic to which it refers. The finding, consequently would not be inaccurate in this situation in reciting that the land " * * * cannot be located or identified solely from the deeds * * *."

We have given consideration to all authorities cited by plaintiffs; they do not, however, in our opinion, compel a conclusion different than that herein expressed.

The judgment of the trial court is, accordingly, affirmed.

It is so ordered.

COMPTON, C. J., and WATSON, J., concur.