517 P.2d 743

**STATE of New Mexico ex rel. STATE HIGHWAY DEPARTMENT of New Mexico, Petitioner,**

v.

**Charles DAVIS et al., Defendants.**

**Benjamin BENAVIDEZ et al., Appellees,**

v.

**WESTLAND DEVELOPMENT CO., INC., Appellant.**

No. 9553.

Supreme Court of New Mexico.

Dec. 28, 1973.

Sutin, Thayer & Browne, Irwin S. Moise, Albuquerque, for appellant.

Hannett, Hannett, Cornish & Barnhart, Albuquerque, for appellees.

## OPINION

MONTOYA, Justice.

This action began in the District Court of Bernalillo County when the petitioner, State of New Mexico through its Highway Department (State), filed three suits under the special alternative procedure provided by § 22–9–39 et seq., N.M.S.A., 1953 Comp. (1973 Pocket Supp.), to condemn property for highway purposes in the area immediately west of the Rio Grande. The three suits were consolidated and handled as one case. After trial, the court found that the property here in issue, being claimed by both appellant · Westland Development Co., Inc., and appellees, Benjamin and Erlinda Benavidez, was owned by the appellees under a claim of title from the

Town of Atrisco, and under the doctrine of adverse possession. This appeal only concerns the ownership at the time of condemnation of a certain tract by either appellees Benavidez or appellant Westland Development Co., Inc. Accordingly, judgment was entered that the appellees were entitled to the money representing the value of the property being taken by the State. This appeal followed.

The facts of the case are as follows. In 1940, Robert Anaya, Jesus Anaya, Lee Anaya, Felipita Anaya (Apodaca) and Leonides Anaya, all members of the same family and all heirs of the Town of Atrisco Grant, were issued quitclaim deeds by the board of trustees of the Grant to approximately 45 acres of land within the Grant. All of the Anaya tracts were adjoining. Sometime in 1947 Robert Anaya and Isidro Sanchez, the secretary of the board of trustees of the Atrisco Grant, went upon the property and, using natural landmarks, Sanchez showed Anaya several of the exterior corners of the Anaya tracts. After staking two corners of each tract, Anaya and Sanchez stepped off the distance to the other tract corners. Thereafter, in 1954, Robert Anaya, Lee Anaya, Jesus Anaya and Felipita Anaya (Apodaca) conveyed their interests to Leonides Anaya. During the same year, Leonides Anaya had the property surveyed by a Pete Sandoval and then sold the property to Ben Benavidez, one of the parties in this suit. After Benavidez finished paying for the land in 1957, he received a deed from Samuel and Leonides Anaya. The deed description used the language derived from the Sandoval survey. Upon receiving the deed Benavidez moved a trailer in which he and his family lived onto the property. He also built a large corral and put in water tanks. In addition to these improvements, which remained on the property until at least 1968, Benavidez sold gravel off the land and paid the taxes on the property. In 1958, Benavidez and the Town of Atrisco entered into a grazing lease for approximately 12,000 acres of land and that acreage surrounded the tract in question herein. As the annual rental fee was only four cents per acre per year, the board of trustees of the Town of Atrisco and Benavidez agreed it was impractical to exclude the Anaya tracts from the grazing lease because the annual rental on the Anaya tracts was only $1.80 per year. The Grant and Benavidez knew that Benavidez owned lands included within the lease and that other lands in the grazing lease were also in private ownership.

Several years after Benavidez purchased the land from the Anayas, it was discovered that the Sandoval survey was erroneous. A Mr. Whiteman, now deceased, the official surveyor for the Town of Atrisco, was employed to resurvey the property. Together with Isidro Sanchez, the board secretary at the time the Anayas acquired the land and still a member of the board of trustees, Whiteman was shown the boundaries to the property from which he prepared a corrected survey. Benavidez then, in accordance with the then custom and procedure, consulted with the board of trustees of the Grant as to whether or not the Grant claimed an interest in the land. After examining Benavidez' title, including the original deeds to the Anayas, the Grant unanimously adopted the Whiteman survey and disavowed any claim to the land in question. With the exception of the deed to Felipita Anaya, the deeds from the Town of Atrisco to the other Anayas were lost. However, the lost deeds contained essentially the same measurements as appear in the 1954 deeds given to Leonides Anaya by her children, except for the boundaries. The lost deeds, or copies thereof, were used by Pete Sandoval to prepare his description. Subsequent to the Whiteman survey, Benavidez obtained a correction deed from Leonides Anaya. Her husband Samuel Anaya is deceased. Prior to the commencement of this action, the Town of Atrisco was converted into the Westland Development Company, Inc., a general corporation, pursuant to § 8–2–19, N.M.S.A., 1953 Comp. (Repl.Vol. 2, 1966, 1973 Pocket Supp.).

Appellant sets out four points as grounds for reversal. First, that the trial court erred in admitting evidence to explain or supply omissions in the deeds that were lost and that, therefore, findings of fact Nos. 2, 3, 4, 5, 7, 12, 13 and 14 are without support in the record, and conclusions of law Nos. 5, 7, 8, 9 and 12 are without foundation in the findings. Second, that the judgment is not supported by substantial evidence, and that the descriptions in the deeds were so vague and uncertain as to make the deeds void and of no effect to establish color of title, and that parol evidence was inadmissible to explain or modify the descriptions in the deeds. Third, that the trial court erred in concluding that the appellee obtained title by adverse possession. Fourth, that the court erred in concluding that appellant had no right, title or interest in the property which is the subject of this lawsuit.

Under appellant's first point, which we feel is dispositive of this appeal, appellant contends that the deeds from the Town of Atrisco to the appellees' predecessors in interest, the Anayas, are invalid because of insufficient descriptions. It is also contended that the lower court erred in admitting evidence to explain or supply omissions in the deeds found to have been lost, leaving findings of fact Nos. 2, 3, 4, 5, 7, 12, 13 and 14 without support in the record. The pertinent findings read as follows:

"2. In 1940, ROBERT ANAYA, JESUS ANAYA, LEE ANAYA, FELIPITA ANAYA (APODACA) and LEONIDES ANAYA, heirs of the TOWN OF ATRISCO GRANT and members of the same family, were issued Quitclaim Deeds by the BOARD OF TRUSTEES of the GRANT to approximately Forty-five (45) acres within the GRANT.

"3. The ANAYA tracts were adjoining and in 1947, or shortly after World War II, ROBERT ANAYA, who had just returned from military service, took ISIDRO SANCHEZ, Secretary of the BOARD OF TRUSTEES of the ATRISCO GRANT, and went upon the lands. The land lay to the Northwest of a small hill known as 'Cerro Pedado' and was cut by a large arroyo. SANCHEZ showed ANAYA several of the exterior corners of the ANAYA tract. These were marked and ANAYA and SANCHEZ stepped off the boundaries of the tract from these corners.

"4. In 1954, ROBERT ANAYA, LEE ANAYA, JESUS ANAYA and FELIPITA ANAYA (APODACA) conveyed their interest to LEONIDES ANAYA. In the same year, the ANAYAS had the property surveyed by Pete Sandoval, and sold said property to BEN BENAVIDEZ for $1,500.00.

"5. BENAVIDEZ finished paying for the land in 1957, and he received a deed from SAMUEL ANAYA and LEONIDES ANAYA. The Pete Sandoval description was used in the deed.

"* * *.

"7. The TOWN OF ATRISCO, through its officers and BOARD OF TRUSTEES knew in 1957 that BENAVIDEZ had purchased the land from the ANAYAS, that he was claiming it and had placed improvements on it.

"* * *.

"12. Such requests were not unusual and the BOARD had a standard procedure to act on such requests. The Secretary of the BOARD, Arthur Herrera and the GRANT attorney examined BENAVIDEZ' title including the original deeds to the ANAYAS, and it was moved and unanimously adopted that the GRANT had no claim to the land and the Whiteman survey was approved.

"13. With the exception of the deed to FELIPITA ANAYA, the deeds from the TOWN OF ATRISCO to the remainder of the ANAYAS were lost. The lost deeds contained the same description[s] as appear in the 1954 deeds to LEONIDES ANAYA.

"14. The lost deeds, or copies, were used by Peter Sandoval to prepare his description. They were also presented to the GRANT BOARD OF TRUSTEES when the motion was adopted by the BOARD that the GRANT had no claim to the lands."

The question raised by appellant in his first point concerning the sufficiency of the description in the deeds is one that has been considered by this court. See Komadina v. Edmondson, 81 N.M. 467, 468 P.2d 632 (1970); Marquez v. Padilla, 77 N.M. 620, 426 P.2d 593 (1967); Hughes v. Meem, 70 N.M. 122, 371 P.2d 235 (1962); Quintana v. Montoya, 64 N.M. 464, 330 P.2d 549, 71 A.L.R.2d 397 (1958); First Sav. Bk. & Tst. Co., Alb. v. Elgin et al., 29 N.M. 595, 225 P. 582 (1924); and Armijo v. New Mexico Town Co., 3 N.M.Gild. 427, 5 P. 709 (1885). While the applicable rules have been expounded in the cases previously cited, the basic statement of the law may be derived from the language in First Sav. Bk. & Tst. Co., Alb. v. Elgin et al., supra, where we said (29 N.M. at 608–609, 225 P. at 585) :

"Assuming this to be true, the real question before us is therefore whether or not the assumed grantee has established title to lands within the external boundaries of the assumed grantor's larger tract. In arriving at the correct solution of this problem, it is the province and duty of the court to place itself as nearly as possible in the situation of the parties to the instruments under which title is claimed, and endeavor to discover and give effect to the intention of the parties. Simpson v. Blaisdall, 85 Me. 199, 27 A. 101, 35 Am.St.Rep. 348. Much is said in the books about deeds which are void because of uncertainty in the description of the premises attempted to be conveyed, but it is not to be understood that the sufficiency of a description in a deed is to be measured by any inflexible rule or set of rules. The test in every case, as in the case of contracts other than deeds, is whether or not the intention of the parties can be discovered and effectuated. If so, unless the rights of third parties intervene to prevent, the deed is valid; if not, it is invalid. So, if a deed contains an indefinite and uncertain description, and the parties, either before the execution of the instruments or afterwards, by agreement, go upon the ground and mark out the boundaries of the land intended to be conveyed, the deed is valid (Simpson v. Blaisdell, supra), and the same result would undoubtedly follow if the grantee should go upon the lands of the grantor and mark out the boundaries and go into possession of the land claimed under the conveyance and so remain in possession with acquiescence of the grantor."

Appellant contends that the rule as stated in First. Sav. Bk. & Tst. Co., Albuq. v. Elgin, supra, has no application to a situation where the rights of third parties intervene, and cite as authority Komadina v. Edmondson, supra. While we quite agree with the appellant's statement of the law, we do not find such a situation present in the instant case. Komadina v. Edmondson, supra, can be distinguished from the present case in that here there are no intervening third party interests that would invalidate the original deeds from the Town of Atrisco Land Grant to the Anayas, and there was no claim that any of the grantees in the chain of title had ever been in possession of the property, as was the situation in the instant case. Furthermore, there is evidence that an officer of the board of trustees of the Grant personally went upon the land and pointed out its location and staked some of the corners to the tracts

in question, which evidence the trial judge apparently believed.

■ What remains to be determined is whether the trial court erred in permitting the introduction of extrinsic evidence so as to better identify the property on the ground. In this instance, Komadina v. Edmondson, supra, provides some enlightenment, when we said (81 N.M. at 469, 468 P.2d at 634):

> "The grantor's intent must be ascertained from the description contained in the deed which must itself be certain or capable of being reduced to certainty by something extrinsic to which the deed refers. Hughes v. Meems, supra [70 N.M. 122, 371 P.2d 235]. Consequently, if extrinsic evidence is to be relied upon to identify the land intended to be conveyed, the deed itself must point to the source from which such evidence is to be sought. [Citations omitted.]"

The appellees assert, in substance, that the original deeds from the Town of Atrisco Grant to the Anayas point to the source from which extrinsic evidence is to be sought. The sole remaining original deed from the Grant to one of the Anayas reads as follows:

> "A certain tract of land situate in School Dist No 28 Bernalillo Co New Mexico Bounded on the North by land of Jesus H. Anaya East by a Road and on the South by land of Margie Candelaria and on the West by land of the Atrisco Land Grant and more particularly described as follows

> "Measure on the North 1037 feet
>    "   "   "   East   420   "
>    "   "   "   South   1037   "
>    "   "   "   West   420   "

> "Contains Ten acres of land more or less"

As the deed contains reference to lands belonging to the Atrisco Land Grant (a New Mexico corporation), we feel that the testimony of Isidro Sanchez, secretary of the board of trustees of the Grant at the time the land was deeded to the Anayas, was not only correctly admitted but that it was sufficient to establish the intent of the original parties and explain the uncertainties in the original deed. The testimony of Mr. Sanchez was that he and Robert Anaya went on the land and, using natural landmarks, located the property and staked several corners. He further testified that he assisted Mr. Whiteman in surveying the property and showed Whiteman several of the corners which he and Robert Anaya had staked. The trial court found that the land described in the Whiteman survey of May 23, 1964, was the same land that Benavidez purchased from the Anayas in 1957. In view of the foregoing, we hold that the extrinsic evidence has adequately described with certainty the location of the property and that the original deeds from the Atrisco Land Grant to the Anayas are valid.

■ The Town of Atrisco was converted into Westland Development Co., Inc., pursuant to § 8–2–19, supra. The appellant, the statutory successor, cannot now attempt to disavow the action of its predecessor, which disclaimed any interest to the lands in question.

We have examined the record and hold that there is substantial admissible evidence to support the findings of the trial court and, consequently, they are binding upon us.

The views we have expressed herein make it unnecessary to determine the other questions presented and argued. Even though the trial court may have based its decision in part on adverse possession, the judgment will be affirmed since it can be sustained upon correct legal principles. Albuquerque National Bank v. Johnson, 74 N. M. 69, 390 P.2d 657 (1964).

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.