525 P.2d 863

**Juan J. GARCIA and Tillie R. Garcia, Plaintiffs-Appellants,**

v.

**Nazario GARCIA, Jose N. Garcia, Jr., and Consuelo S. Garcia, Defendants-Appellees.**

**No. 9801.**

Supreme Court of New Mexico.

Aug. 23, 1974.

Catron, Catron & Sawtell, John S. Catron, Fletcher R. Catron, Santa Fe, for appellants.

Ruben Rodriguez, Santa Fe, for appellees.

## OPINION

OMAN, Justice.

This is a quiet title suit in which plaintiffs, Juan J. Garcia and Tillie R. Garcia, husband and wife, claimed title to 66.237 acres of land by virtue of a deed from defendant, Nazario Garcia, dated June 3, 1968. Defendants, Jose N. Garcia, Jr. and Consuelo S. Garcia, husband and wife, counterclaimed to have title to 51.213 acres of these lands quieted in them by virtue of a deed thereto from Nazario dated February 24, 1971. Jose is a son and Juan a nephew of Nazario.

Defendants claimed that Nazario conveyed only 15 acres (surveyed at 15.024 acres) to plaintiffs by the 1968 deed. The trial court entered judgment whereby title to the 15.024 acres was quieted in Juan and Tillie, and title to the remaining 51.213 acres was quieted in Jose and Consuelo. Juan and Tillie have appealed. We affirm.

The deed description of the lands purportedly conveyed by Nazario to Juan and Tillie by the 1968 deed reads:

"A Tract of land situate and lying Canoncito, Santa Fe, County and State of New Mexico, and more particularly described as follows: Bounded as follows:

"North Lamy Grant; East Lovato; South Chavez, and on the West with property of Garcia.

"This tract of land was conveyed by Jim Dalton and Estefanita U. Dalton."

The trial court found this description was "vague, uncertain, indefinite and ambiguous and fails to furnish the means by which the land can be identified or conveyed." Although plaintiffs state they challenge this finding and urge as their first point relied upon for reversal that the trial court erred in admitting parol evidence to vary the terms of the deed, they admit that the description in and of itself failed to describe any identifiable lands, and that the lands intended to be conveyed could not be located by reference to this description alone. However, they argue that once the lands owned by Nazario in the Lamy Grant were identified by a survey based very largely, if not entirely, upon extrinsic evidence, the ambiguity and

uncertainty had been fully clarified, and any evidence to show an intent on the part of Nazario to convey less than the full amount of these lands was inadmissible as an attempt to vary the terms of the deed by parol evidence.

■ We agree with plaintiffs that as a general rule the intention of the grantor must be derived from the language of the instrument of conveyance, and this intention cannot be impeached except upon equitable grounds to correct or prevent injustice by reason of accident, mistake, fraud, etc. Sharpe v. Smith, 68 N.M. 253, 360 P. 2d 917 (1961). We also agree with them that an indefinite and uncertain description may be clarified by subsequent acts of the parties. Marquez v. Padilla, 77 N.M. 620, 426 P.2d 593 (1967). See also State Ex Rel. State Highway Department v. Davis, 85 N.M. 759, 517 P.2d 743 (1973); First Sav. Bk. & Tst. Co., Alb., v. Elgin, et al., 29 N.M. 595, 225 P. 582 (1924). The evidence here is clear that subsequent acts of the parties in going upon and generally pointing out the boundaries of the lands to the surveyor, aided by other extrinsic evidence, enabled the surveyor to prepare the plat relied upon by all the parties. In fact, if it were not for the extrinsic evidence by which the surveyor was able to locate the lands, the 1968 deed from Nazario to plaintiffs would fail for lack of means by which to identify any lands.

However, we do not agree with plaintiffs that, since the only lands owned by Nazario in the Lamy Grant had been conveyed to him by two prior deeds describing the lands in somewhat the same language as that contained in the 1968 deed, it follows logically therefrom, and particularly from the language in the last line of the description in the 1968 deed, that the clear intent of Nazario was to convey and the plaintiffs to receive all these lands. We disagree for at least the following reasons:

(1) Neither the 1968 deed nor either of the two prior deeds—which also contained faulty descriptions but which are not here in question and are not being construed— did not describe lands in the Lamy Grant. The lands owned in the area by Nazario did, however, lie within the grant, and they totaled approximately 74 acres.

(2) In 1971, approximately eight of these 74 acres were purchased by the New Mexico State Highway Department for the purpose of constructing a highway across them. These eight acres were purchased by the Highway Department from Nazario, leaving the 66.237 acres to which reference is above made.

(3) These remaining 66.237 acres are intersected by the highway and a railroad right-of-way. Consequently, they consist of three separate tracts. On the plat of survey upon which the parties all rely for clarification of the 1968 deed description and as support for their respective positions, these lands are divided into four separate tracts. Two of these are included within the approximately 15 acres to which the trial court quieted title in plaintiffs.

(4) The language in the 1968 deed, which states: "This tract of land was conveyed by Jim Dalton and Estefanita U. Dalton," does not necessarily demonstrate, or even clearly suggest, that the lands purportedly conveyed by the Daltons are the identical lands purportedly conveyed by the 1968 deed.

The validity of the Dalton deed and the description of the lands purportedly conveyed thereby is not an issue in this case. Concededly, the Dalton deed and the property description therein constituted evidence in support of plaintiffs' position, but this was only evidence to be considered by the trier of the facts along with all the other evidence bearing on this question. There was substantial, if not overwhelming, evidence that both Nazario as grantor and plaintiffs as grantees in the 1968 deed intended that the lands described therein and conveyed thereby consisted of 15 acres. Obviously, it could be correctly said about any tract equal to or less than the whole of the lands conveyed by the Daltons, whatever that may have been, that "this tract of land was conveyed by" them. This lan-

guage in the 1968 deed does not say the lands conveyed by that deed are all of, the same as, or identical with the lands conveyed by the Daltons. The ambiguity or uncertainty in the 1968 deed description was not fully resolved by the preparation of the plat which showed all the lands owned by Nazario in the Lamy Grant.

The acreage of the lands conveyed by the 1968 deed was still uncertain and was resolved by extrinsic evidence, including the aforesaid acts of the parties in stating that 15 acres were to be conveyed by this deed and in going upon the lands with the surveyor and pointing out to him the approximate location of the boundaries. It is true that plaintiffs testified in support of their position that their intent was to purchase and that of Nazario was to sell and convey to them by the 1968 deed all lands Nazario owned in the area, which, as above stated, amounted to approximately 74 acres. However, there is also very substantial evidence that plaintiffs claimed only 15 acres until the survey was well underway.

The final claim of plaintiffs is that the trial court erred in finding that Nazario, and subsequently Jose and Consuelo, paid taxes on the 51.213 acres here in dispute. However, they concede that the payment or failure of payment of taxes was not a requisite to the establishment of the claims of title by either side, and that the failure to pay taxes would only be "an indication of what the parties claimed subsequent to the deed from Nazario to plaintiffs."

It makes no difference whether there was or was not substantial evidence to support the trial court's finding as to the payment of taxes, since we agree with plaintiffs that this is not controlling on any issue in the case, and since the non-payment of taxes was only evidence to be considered with all the other evidence as to what the parties claimed. We have already held that we agree with the trial court's decision that the intent of Nazario and plaintiffs was that Nazario would sell and plaintiffs would purchase 15 acres, and that pursuant to and in consummation of

this agreement the 1968 deed was executed and delivered.

The judgment of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.