546 P.2d 66

**Ida M. ROMERO, formerly Ida Garcia, Plaintiff-Appellee,**

**v.**

**Antonio GARCIA et al., Defendants-Appellants.**

**No. 10116.**

Supreme Court of New Mexico.

Feb. 12, 1976.

White, Koch, Kelly & McCarthy, S. S. Koch, Santa Fe, for appellants.

**2**

Matias L. Chacon, Espanola, for appellee.

OPINION

SOSA, Justice.

Plaintiff-appellee Ida Romero, formerly Garcia, filed suit to quiet title against defendants-appellants Mr. and Mrs. Antonio Garcia, who are her former father-in-law and mother-in-law. The suit to quiet title was based upon adverse possession for more than ten years under color of title and payment of taxes. From judgment for the plaintiff, defendants appeal. We affirm the trial court.

On appeal the defendants urge for reversal: (1) the trial court erred by rejecting the applicable law that plaintiff, whose claim to quiet title was based on adverse possession, must recover, if at all, on the strength of her own title and must establish adverse possession by clear and convincing evidence; (2) the deed that plaintiff relied on did not constitute color of title because the description did not furnish means of identifying any ascertainable tract of land, and because it was "void and of no effect" under New Mexico community property law because the mother-in-law failed to sign the deed; (3) the land was not adequately assessed and taxes were not continuously paid as required by statute.

The facts are the following: In 1947 plaintiff Ida Garcia Romero and her deceased husband Octaviano Garcia, son of the defendants, purchased the 13 acres in dispute for $290 from Octaviano's father, Antonio Garcia. Mrs. Antonio Garcia failed to join in the conveyance. The 13 acres were carved out of 165 acres Antonio Garcia had purchased in 1923. The plaintiff and her deceased husband entered into possession in 1947 and built a home on the land with the help of both defendants. The deed was recorded in May, 1950. Ida and Octaviano lived in their home until 1962, when he died, whereupon she moved to Colorado and subsequently remarried.

The main thrust of the appellants' argument concerns the deed. Appellants argue that (1) the void deed was inadequate for color of title and (2) the deed's description was inadequate for adverse possession because it failed to describe a specific piece of property. The first argument is clearly erroneous. A deed is sufficient for the purpose of color of title even though it is void because it lacks the signature of a member of the community. See *Turner v. Sanchez,* 50 N.M. 15, 168 P.2d 96 (1946); 3 Am.Jur.2d, Adverse Possession § 112 at 197–99 (1962).

We move to the question of whether the deed was insufficient for adverse possession because it failed to describe adequately a parcel of land which can be ascertained on the ground. Since the deed in question was in Spanish, the court and the parties relied on the following English translation of the description:

> A piece of land containing 13 acres more or less, within the following description: NE ¼ SE ¼, S ½ SE ¼ NE ¼, Section 32, NW ¼ SW ¼, S ½ SW ¼ NW ¼, Section 33, Township 32 N. Range 7E N.M.P.M., said 13 acres are bounded as follows: East and South bounded by property of Antonio Garcia; on the North by the National Forest and on the West by property of Alfonso Marquez. The said 13 acres are in the NW corner of the ranch above described.

Not translated but part of the deed to the appellee's husband are the following words in Spanish: "Con derecho de agua del Sublet del Rio de Los Pinos," which translated mean "with water rights assigned from the Sublet [creek] of the Los Pinos river."

The description in the deed specified that the land is bounded on the north by the National Forest and on the west by Alfonso Marquez and on the south and east by the grantor. The deed also specified that there shall be water rights to the land from the Los Pinos River. The Los Pinos

River is generally to the south of this property and at one point only some twenty feet from the alleged southern boundary. In *Richardson v. Duggar*, 86 N.M. 494, 497, 525 P.2d 854, 857 (1974) we held that the deed is not void for want of proper description if, with the deed and with extrinsic evidence on the ground, a surveyor can ascertain the boundaries. Justice Oman quoted the following:

> The purpose of a description of the land, which is the subject matter of a deed of conveyance, is to identify such subject matter; and it may be laid down as a broad general principle that a deed will not be declared void for uncertainty in description if it is possible by any reasonable rules of construction to ascertain from the description, aided by extrinsic evidence, which property is intended to be conveyed. It is sufficient if the description in the deed or conveyance furnishes a means of identification of the land or by which the property conveyed can be located. . . . So, if a surveyor with the deed before him can, with the aid of extrinsic evidence if necessary, locate the land and establish its boundaries, the description therein is sufficient. 16 Am.Jur. (Deeds) § 262.

In the case at bar we had testimony from the grantor that the fence line along the entire northern boundary had been there for over fifty years, and the fence line on the western boundary of the property which he conveyed to his son had also been there for more than fifty years. We therefore see that the northwest corner was adequately established as being the intersection of these two fence lines. The surveyor testified that the plaintiff showed him generally where the land was and pointed to the house that was built by the plaintiff and the defendants. The surveyor walked down the western boundary line and found a pipe in position; he established that pipe as the southwest corner. He shot an angle parallel to the northern boundary line and found a pile of rocks which he established as the southeastern corner. He then closed the parallelogram by shooting a line to the northern boundary parallel to the western fence. This parallelogram measured 12.95 acres; the deed granted "13 acres more or less." Thus, the land is in the shape of a parallelogram and is bounded by the National Forest on the north, by Alfonso Marquez (now lands of Mr. L. C. White) on the west, and on the south and east by the grantor. This parallelogram is also in close proximity to the river from which water could be used in accordance with the assignment of the water rights.

Mrs. Romero consistently identified this land as the property she and her deceased husband had purchased and which she thereafter possessed and from which she sold the hay for several years. Defendant failed to object to this testimony. Defendant Antonio Garcia recognized that his son owned property, and, although he did not explicitly identify the property that he sold to his son, it can be reasonably inferred from his testimony that it was the above described property.

The trial court made the following findings of fact:

15. The land described in the complaint of the plaintiff herein, by virtue of the description of the said deed itself and the actions and understandings of the parties as to the boundaries of said land, is capable of determination as to the exact location of the boundaries of said land convyed to Plaintiff's deceased husband.

16. The Northwest corner of the land conveyed is established by the intersection of a fence line extending along the entire northern boundary of said property from east to west, and the point where an existing fence line along the westerly boundary of said property intersected; the Southwest corner of said lands of the Plaintiff was marked by an iron pipe found in place by a surveyor, and the Southeast corner of said property conveyed was marked by a pile of

4

rocks, and the Northeast corner of said tract was marked by an existing fence extending from East to West along the entire northerly boundary of said tract of land.

The court feels that when the evidence, with all reasonable inferences deducible therefrom, is viewed in the light most favorable in support of the findings, there was substantial evidence to support these findings of fact and others relevant to this issue. The Supreme Court will not disturb findings, weigh evidence, resolve conflicts or substitute its judgment as to the credibility of witnesses where evidence substantially supports findings of fact and conclusions of law of the trial court. *Cooper v. Burrows,* 83 N.M. 555, 494 P.2d 968 (1972).

■ The court in *Garcia v. Garcia,* 86 N.M. 503, 505, 525 P.2d 863, 865 (1974) stated that " . . . an indefinite and uncertain description may be clarified by subsequent acts of the parties [citing cases]", and found that:

The evidence here is clear that subsequent acts of the parties in going upon and generally pointing out the boundaries of the lands to the surveyor, aided by other extrinsic evidence, enabled the surveyor to prepare the plat relied upon by all the parties. In fact, if it were not for the extrinsic evidence by which the surveyor was able to locate the lands, the 1968 deed from Nazario to plaintiffs would fail for lack of means by which to identify any lands.

In the case at bar the subsequent acts of the parties in erecting a house and pointing to the land were sufficient to ascertain the boundaries.

■ Finally, appellants argue that appellee failed to pay the tax continuously, for appellee had been in arrears several times, ranging from 1½ to almost 4 years. However, appellee did pay the taxes in each case before a tax deed was issued to the state. Thus, we hold that appellee complied substantially with the continuous payment of taxes requirement of adverse possession under § 23–1–22 N.M.S.A.1953 (Supp.1975).

The judgment of the trial court will be affirmed.

OMAN, C. J. and McMANUS, J., concur.

STEPHENSON, J., dissenting.

MONTOYA, J., not participating.