577 P.2d 1250

Donald F. STERNLOFF, Individually and as personal representative of the Estate of Frances Sternloff, Deceased, Plaintiff-Appellee,

v.

Henry J. HUGHES and his wife, Phyllis Hughes, Defendants-Appellants.

No. 11616.

Supreme Court of New Mexico.

May 1, 1978.

Campbell, Bingaman & Black, Jeff Bingaman, Bruce D. Black, Santa Fe, for defendants-appellants.

Sommer, Lawler & Scheuer, Thomas A. Simons, IV, Santa Fe, for plaintiff-appellee.

## OPINION

McMANUS, Chief Justice.

This is a quiet title action commenced in the District Court of Santa Fe County. Two tracts of land were set out in the complaint. Only the twenty-four acre tract of land is at issue. The defendants denied plaintiff's interest in the twenty-four acre tract on the basis that a 1912 deed in plaintiff's chain of title is too vague and indefinite to transfer title and is therefore void. Defendants also claimed title to the twenty-four acre tract by adverse possession and set forth the affirmative defenses of laches, waiver and estoppel.

The trial court entered a judgment quieting title in favor of the plaintiff. The trial court found that in 1899 the United States patented to Jose Apodaca y Rendon the Northwest quarter of Section 9, Township 16 North, Range 10 East, New Mexico Principal Meridian which quarter section contained 160 acres, more or less, located in Santa Fe County, New Mexico.

On September 4, 1912 Jose Apodaca y Rendon and Maria Norarena Espinoza de Apodaca, his wife, deeded to Francisco Romero y Garcia by Spanish warranty deed the following described parcel of land:

The following tract of land situated and being in Precinct No. 3 in the County of Santa Fe and State of New Mexico, to-wit:

Twenty four acres of land from a portion of land_ed_ deeded to the said party of the first part by a certain United States Patent issued to the said par_y of the first part for the N.W.Q. of S. 9 in T. 16 N. R. 10 E N.M.M. in New Mexico, containing one hundred and sixty acres. The twenty four acres deeded to the said party of the second part by the said party of the first part as bounded and described as follows, to-wit:

On the east by the arroyo of El Carnerito, on the south by lands of Antonio Ortiz y Rodajas, on the west by government land, and the north by lands of the party of the first part. With free entrances and exits which shall not be disturbed.

(Underlined portion contained in original deed.)

The trial court found that the survey prepared by plaintiff's surveyor, Cipriano Martinez, described the twenty-four acre tract set forth in the 1912 deed. This finding was not challenged by the defendants on appeal. It is undisputed that plaintiff's title is traced from this 1912 deed, and if the deed is valid, plaintiff's title is complete.

The defendants have challenged certain findings of the trial court relating to the southern, eastern and northern boundaries of the twenty-four acre tract. The trial court found that Jose Apodaca y Rendon, the grantor of the 1912 deed, did not own any land surrounding the original 160 acre tract at any relevant time. The land to the west of the 160 acre tract was owned by the United States government. Antonio Ortiz y Martinez and his wife Paulita Rodriquez de Ortiz owned the east one-half of the Southwest quarter of Section 9, tract 16 North, Range 10 East of New Mexico Principal Meridian. The Ortiz land bounded the southern boundary of the Apodaca tract to the midpoint of the northwest quarter. The land owned by Ortiz formed a common boundary with the twenty-four acre tract of approximately 516 feet commencing at the midpoint of the southern boundary of the northwest quarter and extending east to an arroyo which runs north and south crossing through the northwest quarter. The court further found that Antonio Ortiz y Martinez had the nickname "Rodajas" and was the same person referred to in the deed as Antonio Ortiz y Rodajas. The court found that only one arroyo runs north and south in the northwest quarter which forks at the northern boundary. This arroyo was found to be the eastern boundary of the twenty-four acre tract. The court deter-

mined that the surveyor properly concluded that the parcel should be rectangular in shape since there were no geographical indications that the northern boundary of the tract should be anything other than a straight line running parallel to the southern boundary and forming a rectangular shaped parcel consisting of twenty-four acres.

The defendants raise three major points on appeal: (1) that the property description in the 1912 deed is too vague to even permit the admission of extrinsic evidence; (2) that with the aid of extrinsic evidence the plaintiff's surveyor made, and the trial court found, certain facts lacking evidentiary support; and (3) that the plaintiff was guilty of laches.

Defendants argue that the description is so vague that extrinsic evidence is inadmissible since the deed fails to supply a basis for extrinsic evidence. Defendants further argue that a deed is void for indefiniteness when it attempts to convey a given quantity of land out of a larger tract by naming adjoining property owners. In support of these contentions defendants rely upon a series of cases from other jurisdictions and *Garcia v. Garcia*, 86 N.M. 503, 525 P.2d 863 (1974).

In *Garcia* the disputed deed failed to describe any identifiable lands in the absence of extrinsic evidence. This Court set forth a general rule that the intention of the grantor must be derived from the language of the instrument of conveyance and that this intention cannot be impeached except on equitable grounds. However, the Court also recognized that an indefinite and uncertain description may be clarified by subsequent acts of the parties and other extrinsic evidence. As stated by the Court at 86 N.M. 505, 525 P.2d 865:

> The evidence *here is clear that subsequent acts of the parties in going upon and generally pointing out the boundaries of the lands to the surveyor, aided by other extrinsic evidence, enabled the surveyor to prepare the plat relied upon by all the parties*. In fact, if it were not for the extrinsic evidence by which the sur-

veyor was able to locate the lands, the 1968 deed from Nazario to plaintiffs would fail for lack of means by which to identify any lands. (Emphasis added.)

New Mexico cases have not made a distinction, as urged by defendants, as to lands deeded from a larger tract owned by the grantor. In *Garcia* the grantor deeded the land at issue from a larger tract. Nor have the New Mexico cases held, as a matter of law, that a deed is void due to vagueness when the land description names only the adjoining land owners without reference to the angle, length or shape of the parcels.

In the following cases descriptions of lands naming adjoining property owners and/or physical land characteristics have been sustained with extrinsic evidence: *Romero v. Garcia*, 89 N.M. 1, 546 P.2d 66 (1976); *Garcia v. Garcia*, 86 N.M. 503, 525 P.2d 863 (1974); *Marquez v. Padilla*, 77 N.M. 620, 426 P.2d 593 (1967); *Garcia v. Pineda et al.*, 33 N.M. 651, 275 P. 370 (1929); *State v. Board of Trustees of Las Vegas*, 32 N.M. 182, 253 P. 22 (1927); *Armijo v. New Mexico Town Co.*, 3 N.M. 427, 5 P. 709 (1885).

Defendants rely upon *Komadina v. Edmondson*, 81 N.M. 467, 468 P.2d 632 (1970). In *Komadina* the disputed land description provided as follows:

> "A certain tract of land situate in School Dist. No. 28, Bernalillo Co. New Mexico, Bounded on the North by a Road and on the East by land of Doloritas Chavez and on the South by a Road and on the West by the Atrisco Land Grant. Being one of several tracts of land allotted from the Atrisco Land Grant and more particularly described as follows:

> | Measure on the North | 210 feet |
> | " " " East | 1037 " |
> | " " " South | 210 " |
> | " " " West | 1037 " |

> contains five acres of land more or less. *Tract No. 331* "

*Id.* at 468, 468 P.2d at 633.

The extrinsic evidence relied upon concerned the two unnamed roads in the description and a piece of wrapping paper given the surveyor by a member of the

board of the Town of Atrisco, the grantor. No roads were in existence at the time of the execution of the deed. The area had not been platted except by a drawing on the piece of wrapping paper. Neither the parties nor their predecessors in title ever entered into possession of the disputed parcel.

This Court sustained the trial court's finding that the deed failed to refer to extrinsic information from which the land could be located and the wrapping paper could not aid the description.

■ In the instant case, with the exception of a U. S. Department of Interior Geological Survey map, the extrinsic evidence relied upon by the plaintiff related to information in the deed, acts of his predecessor in title and his own actions. The U. S. Geological Survey map was introduced by stipulation. Use of the map is proper, as well as evidence of the acts of the parties and predecessors in title. *Richardson v. Duggar*, 86 N.M. 494, 525 P.2d 854 (1974); *Garcia v. Garcia, supra.*

The remaining major areas of dispute concern the finding of the arroyo as the eastern boundary, the nickname of the southern boundary owner, the fact that the southern boundary was also bordered to the midpoint by the U. S. government lands and the "squaring off" of the parcel to form the northern boundary.

Defendants' claim is essentially that the findings are not supported by substantial evidence. There is substantial evidence to support the finding of one arroyo in the northwest quarter that forms the eastern boundary by testimony and the U. S. Geological Survey map admitted by stipulation. The arroyo has gone by several names and this is supported by testimony.

The southern boundary was described by the adjoining property owner Antonio Ortiz y Rodajas. The record discloses that a search of public land records failed to reveal an Antonio Ortiz y Rodajas. The southern boundary was in fact bordered by land owned by Antonio Ortiz y Martinez.

In 1912, Jose Apodaca, the grantor, owned the entire quarter section. By referring to the southern boundary of the twenty-four acre tract as being bounded on the south by the lands of a stranger, the inference is proper that he intended to convey the southern portion of the northwest quarter, otherwise the deed would have to refer to the grantor's land on the south.

The evidence shows that Antonio Ortiz y Martinez and his wife, Paulita Rodriquez de Ortiz owned the east one-half of the southwest quarter of Section 9. Therefore, their land extended to the midpoint of the southern boundary of the northwest quarter. A witness for the plaintiff, Carmelita Ortiz y Trujillo, testified that she lived in the area for seventy years and that she knew Antonio Ortiz y Martinez as "Rodajas." She also testified that his wife's name was Paulita Rodriquez de Ortiz. Thus, the finding of the court of the nickname is supported by substantial evidence.

Defendants also challenge the naming of just one adjoining owner, Ortiz, and not the second one-half owner, the government. However, the testimony of both plaintiff's and defendants' experts supports a finding that it is not uncommon to refer to only one owner.

The northern boundary was determined by "squaring off" the parcel. The northern boundary had to be in the lands of the grantor since it was established that the grantor did not own land to the north of the northwest quarter. The surveyor "closed the tract" by a parallel line to make a rectangular shape. He testified that the geographical surroundings lent itself to squaring off the parcel. This practice has been specifically sustained by this Court in *Romero v. Garcia, supra.*

A transparency of a cabin foundation near the southern boundary was introduced by plaintiff. Testimony was admitted that the cabin was used by the plaintiff's predecessor in title. An adjoining landowner testified that he knew the plaintiff's predecessors in title and aided the surveyor, at plaintiff's request, in locating the boundaries of the disputed parcel.

 Taken as a whole, the record substantially supports the findings of the trial court. The acts of plaintiff and his predecessors in title aided by extrinsic evidence resolved any ambiguity in the 1912 deed. *Garcia v. Garcia, supra.* This Court will not disturb findings, weigh evidence, resolve conflicts or substitute its judgment as to the credibility of witnesses where evidence substantially supports findings of fact and conclusions of law of the trial court. *Cooper v. Burrows*, 83 N.M. 555, 494 P.2d 968 (1972).

Finally, defendants claim the plaintiff is guilty of laches. This contention is entirely without merit. Indeed, the trial court found that the defendants failed to gain color of title in good faith.

Therefore, it is the finding of this Court that the judgment of the trial court is supported by substantial evidence. The evidence introduced is within the scope of permissible extrinsic evidence.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.