This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38811**

**IN THE MATTER OF THE ESTATE OF MARGARET C. GONZALES, Deceased,**

**MARTIN R. GONZALES, Co-Personal Representative,**

Appellant,

v.

**CAROLYN GONZALES,**

Appellee,

and

**BETTY JOANN COTTON, Co-Personal Representative,**

Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Court Judge**

NM Trust and Probate Law Firm, LLC
Monica A. Davis
Albuquerque, NM

for Appellant

Roepke Law Firm, LLC
Karl H. Roepke
Albuquerque, NM

for Appellee Cotton

Law Office of Benjamin Hancock, P.C.
Benjamin Hancock
Albuquerque, NM

for Appellee Gonzales

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Martin Gonzales contested his sister Carolyn Gonzales's claim against the estate of Margaret C. Gonzales (Decedent)—their mother—for caretaker services. Carolyn's claim was based on care she provided to Decedent before her death. The district court granted Carolyn's claim. Martin appeals the district court's denial of his motion to reconsider its order granting the claim.

**{2}** Martin argues (1) the district court failed to apply the presumption that family members provide caretaking services without compensation; (2) no evidence was presented of an agreement that Carolyn would be compensated for caretaker services she provided to Decedent; and (3) the district court misallocated the burden of proof for Carolyn's claim. We affirm.

**BACKGROUND**

**{3}** This case arises from the probate proceedings of the estate of Decedent, who died intestate with nine children. Two of Decedent's children, Martin and Betty Joann Cotton, were appointed co-personal representatives of the estate. Shortly after their appointment, their sister Carolyn filed a notice of claim against the estate, pursuant to NMSA 1978, Section 45-3-805(A)(4) (1995). In support of her claim, Carolyn asserted that she quit her job and rendered full-time caregiver services to Decedent from March 2012 until her death in November 2016. Martin, as co-personal representative of the estate, disallowed the claim. The district court held an evidentiary hearing regarding Carolyn's claim and determined she was entitled to receive compensation for her caregiver services. The district court denied Martin's motion to reconsider the order. This appeal followed.

**DISCUSSION**

**I.     The District Court Applied a Presumption That Family Members Provide Care Without Financial Benefit**

**{4}** Martin first argues that "[i]n New Mexico, there is a presumption that the care provided by one family member to another family [member] is performed out of love rather than for monetary benefit." He argues that the district court failed to apply this presumption in this case. We disagree.

**{5}**     The district court issued a letter to the parties explaining its reasoning about a month before it filed its order on Carolyn's claim. In that letter, the district court made findings of fact and conclusions of law. It directed counsel for Carolyn to prepare an order consistent with its ruling. The district court explained that it would "not order payment of the compensation until" Martin's petition for the breach of duty was litigated. The letter decision is instructive.

**{6}**     In the letter, the district court expressly stated, "While there may be a presumption that family members provide care *gratis*, that presumption can be overcome."[1] The district court found that the evidence demonstrated that Carolyn assisted Decedent both when Decedent lived in Taos and when Carolyn moved her to Albuquerque. Additionally, the district court found that Carolyn quit her job and acted as a full-time caregiver for Decedent for nearly five years. Based on this, the district court concluded Carolyn established a right to compensation for the caregiving services she provided to Decedent, and the estate was liable for the compensation due to Carolyn.

**{7}**     Despite the findings and explanation in the letter, Martin asserts that the district court failed to apply the family caretaker presumption. We conclude that the district court adequately considered any burden that Martin argues Carolyn had as a family member and, in doing so, determined the presumption was overcome. *Cf. Ledbetter v. Webb*, 1985-NMSC-112, ¶ 34, 103 N.M. 597, 711 P.2d 874 (noting that a district court's verbal comments can be used to clarify a finding, but not to reverse a finding); *see also Sanders v. Carmichael Enters.*, 1953-NMSC-075, ¶ 11, 57 N.M. 554, 260 P.2d 916 (stating that the "letters, remarks, or opinion" of the district court may be looked to in order to clarify findings). Therefore, Martin does not demonstrate error on the part of the district court. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [district] court's actions. [The a]ppellant must affirmatively demonstrate its assertion of error.").

## II.     Substantial Evidence Supports the District Court's Finding Regarding an Agreement

**{8}**     Martin next argues that "there is no evidence of any agreement that [Carolyn] would be compensated for the services she provided for her mother." We review a district court's factual findings for substantial evidence. *See State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez*, 1990-NMSC-114, ¶ 7, 111 N.M. 137, 802 P.2d 1283. "When considering a claim of insufficiency of the evidence, the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party." *N.M. Mil. Inst. v. NMMI Alumni Ass'n, Inc.*, 2019-NMCA-008, ¶ 19, 458 P.3d 434 (alteration, internal quotation marks, and citation

---

[1]We take no position on whether such a presumption exists or does not exist, as it is unnecessary to affirm the district court's decision. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic . . . questions.").

omitted). An appellate court "will not disturb findings, weigh evidence, resolve conflicts or substitute its judgment as to the credibility of witnesses where evidence substantially supports findings of fact and conclusions of law of the [district] court." *Sternloff v. Hughes*, 1978-NMSC-032, ¶ 23, 91 N.M. 604, 577 P.2d 1250.

{9}     Carolyn testified that in January 2012 she went for a routine visit to see Decedent in Taos and found Decedent with a bruise on her head. Carolyn told her mother she could not leave her in Taos, that she had to move to Albuquerque with her, and Decedent agreed. Carolyn then moved Decedent to live with her in Albuquerque, where Decedent lived until she died. It is undisputed that Carolyn quit her job to care for Decedent. Carolyn testified she received approval from Betty Joann, Decedent's daughter and power of attorney, to provide caregiver services for Decedent. Carolyn also testified that Betty Joann would give her money, buy groceries, pay for gas, and buy Decedent's necessities. These circumstances support a reasonable inference that at the time Decedent's power of attorney believed Carolyn was entitled to compensation for the service she was providing. It is reasonable to infer that these facts—particularly that Carolyn took care of her mother for years in her own home and, to do so, quit her job—amount to an agreement that Carolyn would be compensated.

{10}     Even with the admitted absence of an explicit agreement for compensation, while indulging all reasonable inferences in support of the district court's decision, substantial evidence demonstrates an agreement sufficient to establish that Carolyn was entitled to compensation. *See N.M. Mil. Inst.*, 2019-NMCA-008, ¶ 19.

### III.     The District Court Did Not Improperly Shift the Burden of Proof to Martin

{11}     Martin's final argument is that the district court misallocated the burden of proof when it stated, "Had the caregivers been third parties, the [c]ourt doubts the family members would dispute the caregivers being entitled to fair compensation." He argues this impermissibly shifted the burden of proof to Martin to affirmatively disprove that Carolyn's claim should be allowed.

{12}     Martin does not explain how the district court's statement shifted the burden of proof. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). In contrast to Martin's assertion, the district court expressly stated in its letter that Carolyn "established a right to compensation." This demonstrates that the district court understood the burden was on Carolyn as the claimant. Further, as we determined above, the district court applied the presumption that family members are not entitled to compensation, and Carolyn presented sufficient evidence to establish an agreement existed such that she was entitled to compensation. Therefore, the district court required Carolyn to present evidence to support her claim and did not improperly shift the burden of proof.

### CONCLUSION

**{13}** For the foregoing reasons, we affirm.

**{14}   IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**